IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MILDRED J. CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:08CV340 |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Mildred J. Campbell seeks judicial review pursuant to 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claims for Disability Insurance Benefits and Supplemental Security Income ("SSI"). The Commissioner's denial decision became final on April 21, 2008, when the Appeals Council found no basis for review of the hearing decision of the Administrative Law Judge ("ALJ"). In this action, the parties have filed cross-motions for judgment, and the administrative record has been certified to the Court for review.

<u>The Claimant</u>

Plaintiff was born on December 1, 1946, and was 47 years of age on her alleged onset date of disability. She has a high school education. Plaintiff has past relevant work

experience as a housekeeping crew chief. Plaintiff alleges disability as of October 14, 2004 due to carpal tunnel, arthritis, gout in her feet and hernia.

## The Administrative Proceedings

Plaintiff filed applications for Disability Insurance Benefits and SSI on June 7, 2005, alleging disability as of October 14, 2004, due to carpal tunnel, arthritis, gout in her feet and hernia. Her claim was denied initially and on reconsideration, and Plaintiff filed a request for a hearing. A hearing was held on July 6, 2007. At the hearing, Plaintiff testified that she had returned to work and stipulated that her claim was for a closed period of disability ending March 27, 2006. A decision denying benefits was issued on September 14, 2007. Plaintiff filed a request for review, and on April 21, 2008, the Appeals Council found no basis for review of the ALJ's decision. Plaintiff then filed this request for judicial review.

The findings of the ALJ relevant to this review include the following:

1-2. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2010, and she has not engaged in substantial gainful activity from October 14, 2004 until March 27, 2006.

3. Plaintiff has not been under a disability, as defined by the Social Security Act, from October 14, 2004 through the date of the decision.

## The Scope of Review

The scope of judicial review by this Court of the Commissioner's decision denying benefits is limited. *Frady v. Harris*, 646 F.2d 143, 144 (4th Cir. 1981). The Court must

review the entire record to determine whether the Commissioner has applied the correct legal standards and whether the Commissioner's findings are supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Where this is so, the Commissioner's findings are conclusive. The Court may not reweigh conflicting evidence that is substantial in nature and may not try the case *de novo*. *Id.* Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted), or "evidence which . . . consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (citations omitted).

## Discussion

In making a decision on Plaintiff's claim, the ALJ followed a five-step analysis set out in the Commissioner's regulations. 20 C.F.R. §§ 404.1520, 416.920 (2009). Under the regulations, the ALJ is to consider whether a claimant (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to her past relevant work; and if not, (5) whether she can perform other work. The burden of persuasion is on the claimant through the fourth step. *See Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). If the claimant reaches the fifth step, the burden shifts to the Commissioner to produce evidence that other

jobs exist in the national economy that the claimant can perform considering her age, education and work experience. *Id.*

In this case, the ALJ found that Plaintiff met the disability insured status requirements of the Social Security Act on October 14, 2004, her alleged onset date of disability. At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity at any time from October 14, 2004 until March 27, 2006. The ALJ concluded his evaluation at step two, finding that Plaintiff suffers from impairments including moderate spinal changes, history of possible carpal tunnel syndrome, hip arthritis, history of gout in her feet, moderate sized umbilical hernia and anxiety disorder. The ALJ found, however, that none of these impairments or combination of impairments has significantly limited or is expected to significantly limit her ability to perform basic work-related activities for twelve consecutive months. Accordingly, Plaintiff does not have a severe impairment or combination of impairments and is not disabled.

In this action for judicial review, Plaintiff argues that the ALJ erred in finding that Plaintiff's impairments, singly or in combination, are not "severe" within the meaning of the Social Security Act. (Docket No. 10, Mem. in Supp. of Mot. for J. on the Pleadings, at 13.) The Court disagrees. An impairment is "severe" if it significantly limits Plaintiff's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Fourth Circuit has held that in order to find an impairment non-severe, the impairment must be "a *slight abnormality* which has such a *minimal effect* on the individual that it would

not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984)(emphasis in original)(quoting *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984)). The Court is mindful that the threshold for an impairment to be considered "severe" at step two of the sequential evaluation is low. Nevertheless, there is substantial evidence supporting the ALJ's finding.

Plaintiff bears the burden of proving the severity of her impairments. *See* 20 C.F.R. §§ 404.1512(a), 416.912(a). Here, substantial evidence supports the ALJ's conclusion that Plaintiff did not prove that her impairments were severe during the period from October 14, 2004 to March 27, 2006. Plaintiff reported that her impairments first bothered her in 1990, and that she continued to work despite her impairments until her alleged onset date, October 14, 2004. (Tr. at 111.) Plaintiff reported that she stopped working on that date because she was fired due to poor work performance. (*Id.*; *see also id.* at 123.) The few available medical records reflect that Plaintiff's impairments and symptoms existed well prior to her alleged onset date, during years when Plaintiff continued to be able to work. Plaintiff reported that she was prescribed a brace/splint (presumably for her wrist) sometime around 1989, and that she continued to use it sometimes on a weekly and at other times on a monthly basis. (*Id.* at 123.) Wrist tendinitis was diagnosed in August 2002. (*Id.* at 125.) Plaintiff complained of foot pain and was diagnosed with gout in January 2003. (*Id.* at 126.) Nevertheless, Plaintiff was able to continue to work despite these impairments until

she was fired on October 14, 2004, and there is no evidence in the record of any exacerbation of her condition during any twelve-month period during the time she claims she was unable to work. Moreover, she was able to return to work in March 27, 2006, but there is no evidence of any treatment for or any significant improvement to any of her impairments before she was able to return to work. The fact that Plaintiff returned to work in a job that she characterizes as "sedentary" does not demonstrate error with regard to the ALJ's finding that Plaintiff had, during the relevant time, no severe impairment. Accordingly, there is substantial evidence supporting the ALJ's finding that none of Plaintiff's impairments significant impaired her ability to perform basic work activities.

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion for judgment on the pleadings (Docket No. 9) be denied, that the Commissioner's motion for judgment on the pleadings (Docket No. 11) be granted and that judgment be entered in favor of Commissioner.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: November 4, 2009